# EXHIBIT A

**COPY**

At a Term of the Supreme Court, held in and
for the County of Columbia, in the City of
Hudson, New York, on the 22nd day of July,
2010.

PRESENT: HON. PATRICK J. McGRATH
           Justice

SUPREME COURT
COUNTY OF COLUMBIA     STATE OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Foreclosure of Tax Liens<br>By Proceeding In Rem pursuant to Article<br>Eleven of the Real Property Tax Law by the<br>County of Columbia. | DECISION AND ORDER<br><br>INDEX NO. 10609-05 |

---

APPEARANCES:      TAL G. RAPPLEYEA, ESQ.,
                             Assistant County Attorney
                             Attorney for Petitioner

                             FRANCIS J. ROCHE, ESQ.
                             Attorney for James Orefice



McGRATH, PATRICK J.     J.S.C.

    The County of Columbia commenced the instant proceeding to foreclose its tax lien on real property owned by Susan Bohl Ferguson. The movant, James Orefice, holds two mortgages on the property which now secure a debt of in excess of $275,000. He alleges that the property is assessed at $1,100,000. The proceeding terminated in a final judgment, dated May 5, 2010 and entered May 13, 2010, granting possession of the property to the County and directing the County Treasurer to execute a deed to the County of Columbia. James Orefice seeks to set aside such judgment on the ground that he did not receive any notice of the pendency of the proceeding and has been deprived of the opportunity to redeem the taxes.

    The movant alleges that he has not lived at the address to which petitioner mailed notice of the proceeding for 15 years and that he did not receive any actual notice. The movant also contends that petitioner failed to state the amount of the tax lien in the petition and notice of foreclosure as allegedly required by Real Property Tax Law § 1122 (6) (c). With respect to the latter claim, the statute is applicable to the filing of a list of delinquent taxes with the County Clerk (*see Matter of Foreclosure of Tax Liens by County of Delaware* [*Gerster Farms, Inc.*].

10 AD3d 761, 762 [3d Dept 2004]). It does not include any requirements for the content of the papers filed in a foreclosure proceeding. Petitioner has shown that it filed the required list, which stated that the subject parcel had delinquent taxes in the amount of $17,530.28. As such, this objection is without merit.

With respect to the claim of lack of notice, petitioner has submitted only an attorney's affirmation alleging that all required notices were given. There is no indication that he has any personal knowledge with respect to the petitioner's office practices concerning mailing tax notices or with respect to the specific mailings involved herein. As such it is without any probative value (*see Beckmann v 71 Speeder Road, LLC.*, 28 AD3d 1053 [3d Dept 2006]; *Fallsburg Fishing & Boating Club v Spiegel*, 9 AD3d 765, 766 [3d Dept 2004]; *Bronson v Algonquin Lodge Assn.*, 295 AD2d 681 [3d Dept 2002]). Real Property Tax Law § 1125 (1) (a) requires notice to any person with a record interest in real property, such as a mortgagee, at such address which is reasonably ascertainable from the public record by both certified mail and first class mail. The statute, at clause (b) requires the petitioner to attempt to obtain an alternate address from the United States postal service in the event that both the certified and first class mailings are returned. If no alternative mailing address can be found, the petitioner is required to post the notice in enumerated locations.

Petitioner has not offered any admissible evidence of a first class mailing. Petitioner has submitted a copy of the certified mailing envelope, which was returned as "UTF," or unable to forward. Such notation indicates that the letter was undeliverable as addressed. While the attorney's affirmation alleges that the first class mailing was not returned, petitioner has not submitted any documentary support for such claim or any admissible evidentiary showing "that the records had been searched to verify that the mailings to respondent were not returned." (*Matter of County of Sullivan [Basile]*, 43 AD3d 598, 599 [3d Dept 2007]). As such, there is no proof that the first class mailing was mailed or was not returned as undeliverable (*id.*). Given the presumptions of regularity which apply to the actions of the post office, the uncontroverted fact that the movant moved 15 years before the mailing and the fact that the certified mailing was returned as undeliverable rather than unclaimed, it appears more likely than not that the first class mailing was returned if it was mailed. Pursuant to Real Property Tax Law § 1125 (1) (b) such circumstance requires a postal search with additional mailings or postings (*see County of Sullivan v Vaughan*, 25 Misc 3d 960, 963-964 [County Ct, Sullivan County 2009]). There is no proof that such additional procedures were followed. It is therefore determined that petitioner has failed to show that it complied with the notice requirements of Real Property Tax Law § 1125 (1) (b).

Accordingly, the motion vacate and set aside the final judgment entered herein against Susan Bohl Ferguson is hereby granted. The movant shall have 60 days from the date hereof to pay all back taxes, penalties, interest and fees attributable to the subject property.

This shall constitute the Decision and Order of the Court. This Decision and Order is being returned to the attorney for the movant. All original supporting documentation is being filed with

2

the County Clerk's Office. The signing of this Decision and Order shall not constitute entry or filing under CPLR 2220. Counsel are not relieved from the applicable provisions of that rule relating to filing, entry, and notice of entry.

**SO ORDERED.**
**ENTER.**

Dated:  September 20, 2010
        Troy, New York

_____
PATRICK J. McGRATH
Supreme Court Justice

Papers Considered:

1. Notice of Motion dated June 28, 2010; Affidavit of James Orefice, dated June 24, 2010, with annexed Exhibits 1-3;
2. Affirmation of Tal G. Rappleyea, Esq., dated July 13, 2010, with annexed Exhibits A-D;
3. Reply Affidavit of James Orefice, dated July 16, 2010.

3