**SO ORDERED.**

**SIGNED this 09 day of March, 2011.**

_____
**ROBERT E. LITTLEFIELD, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CHAPTER 12 PROCEEDING

In Re**: SUSAN BOHL,**

Debtor.

Case No. **10-12049**

_____

**ORDER OF CONFIRMATION**

      A petition was filed by Debtor(s) under Chapter 12 of the Bankruptcy Code, and a meeting of creditors conducted upon due notice pursuant to 11 U.S.C. §341 at which the Chapter 12 Trustee, Debtor(s), and attorney for Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

      A hearing on confirmation of the Plan has been held upon due notice pursuant to 11 U.S.C.§1224. The Court has heard and determined all objections to confirmation and has considered the Plan as proposed or modified, and the Trustee's Report.

      The Court therefore finds:

- The Plan complies with the provisions of Chapter 12, Title 11 United States Code, and other applicable provisions of Title 11;

- All fees, charges or amounts required under Chapter 12 of Title 28, or by the Plan, to be paid before confirmation, have been paid;

- The Plan represents the Debtor(s) reasonable effort and has been proposed in good faith and not by any means forbidden by law;

- The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of Debtor were liquidated under Chapter 7 of Title 11 on such date;

- With respect to each allowed secured claim provided for by the Plan, the holder of each claim has accepted the Plan; or the Plan provides that the holder of each claim retain the lien securing such claim, and value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or Debtor has agreed to surrender the property securing such claim to the holder thereof;

- Debtor(s) appears to be able to make all payments under the Plan and to comply with the Plan.

- The Plan provides for payments to the Trustee over a period of 36 months or less, or in the alternative, the Court for cause has approved a plan of more than 36 months as set forth in the Plan.

- The Plan provides for the submission of such portion of the future income of Debtor(s) to the supervision and control of the Chapter 12 Trustee as is necessary for the execution of the Plan;

- The Plan provides for payment in full immediately or by deferred cash payments of all claims entitled to priority under 11 U.S.C.§ 507, or there is an agreement with the holder of particular claim providing for a different treatment of such claim;

- The Plan provides for the same treatment for each claim within each of the particular classes of claims designated; and

- There is presently pending no objection to confirmation of the Plan; and

- The plan provides for continued compliance with the terms of the operating order except to the extent that such order is modified by the confirmation of this Plan, and it is accordingly,

**ORDERED, ADJUDGED and DECREED**, that

1. Debtor(s) Plan under Chapter 12 of the Bankruptcy Code, as proposed or modified, is confirmed.

2. Debtor(s) are stayed and enjoined from incurring any new debts in excess of $1000.00 out of the ordinary course of business except such debts as may be necessary for emergency medical or hospital care without the prior approval of the Court unless such prior approval was impracticable and therefore cannot be obtained.

3. Except as provided by specific order of this Court, all entities are and continue to be subject to the provisions of 11 U.S.C. §362 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against Debtor, as the same is defined by Section 362, and subject to the provision of 11 U.S.C. §1201 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a co-debtor, as the same is defined by Section 1201.

4. The provision of this Plan binds the Debtor(s) and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the Plan.

5. Mark W. Swimelar has been appointed Trustee of the said estate.

6. The Debtor(s) shall continue to comply with the terms of the operating order except as otherwise ordered and allowed by the Court. The Debtor(s) shall draw living expenses pursuant to the Plan rendered by this Court, except to the extent that the Trustee or the Court permits additional compensation or additional expenses to be incurred.

7. All of the Debtor(s) wage and property of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of this Court; and title to all of the debtor's property of whatever nature and kind, and wherever located is hereby vested in the Debtor during the pendency of these Chapter 12 proceedings pursuant to the provisions of 11 U.S.C. §1227 except to the extent necessary for the Court to continue to exercise its' jurisdiction.

8. If the debtor fails to receive a discharge under 11 U.S.C. §1228 of the Bankruptcy Code, then any compromise arrangements made by secured creditors may be avoided and the original obligations between the parties reinstated, except to the extent that this Court specifically orders otherwise.

**9.** That the Debtor's **Plan, filed November 19, 2010,** is confirmed and as further modified by this Order,

with the following terms,

**PLAN PAYMENTS/TERMS:**

a) The debtors shall make payments to Mark W. Swimelar, as Chapter 12 Trustee, in the sum of **$100.00 per month, with the payments commencing March 15, 2011, for a period of sixty (60) months; and**

b) **The debtor shall immediately retain a broker to sell real property and provide notice of the appointed broker's name and address to the Chapter 12 Trustee. In event of a purchase offer, there shall be a motion to authorize the sale. Any and all sale proceeds shall be paid through the plan with the Trustee making all disbursements to creditors to receive a 100% dividend including trustee's fees and commissions. Any surplus shall be paid to the debtor; and,**

c) **All unpaid real property and school taxes, including pre- and post-petition amounts including interest at the statutory rate, shall be paid from the proceeds of such sale.**

d) **The debtor shall notify the Trustee upon the commencement of any personal injury action and provide periodic updates. Further, the debtor stipulates to an exemption of $7,500 for the personal injury settlement; and,**

    **e)** the debtor's disposable income, as defined in 11 U.S.C. §1226(b)(2), whichever amount may be higher.

**10.** From the Debtor(s) fund, the Trustee is directed to make payments in the following order:

(a) Filing fee to the Clerk of the Court, U.S. Bankruptcy Court (if unpaid);

(b) Trustee's commissions and expenses as approved by the Court and all other accrued administrative expenses;

(c) Fees for the debtor's attorney shall be paid pursuant to Court Order after application.

**(d) SECURED CLAIMS: Creditor shall retain their liens.**

| Name of Creditor | Security | Allowed Amount | Interest | Monthly Payment |
|---|---|---|---|---|
| **JAMES ORAFICE** | **real property** | **$289,000** | | |
| **Columbia County** | **real property taxes** | **$144,781.93** | **12%** | |

**The creditors will be paid in full from the sale proceeds.**

(e) **UNSECURED PRIORITY CLAIMS** - To be paid in full as allowed by the Court;

| Name of Creditor | Amount of Claim |
|---|---|
| **NONE** | |

During the term of the confirmed plan, debtor shall timely file all required federal and state tax returns and pay all applicable taxes when due. Upon the debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any post-petition period, the appropriate Taxing Authority may give written notice specifying which tax returns have not been filed and/or which taxes have not been paid, to the Court, the debtor, the debtor's attorney and the Chapter 12 Standing Trustee by regular mail. If said default is not, within 180 days from the date said Notice is given, either cured, or settled by written agreement between the parties, or resolved by appropriate pleading submitted to the Court demonstrating the filing of said returns and/or payment of said tax, the Taxing Authority may submit an Ex-Parte Order dismissing this Chapter 12 without prejudice, and without further notice or hearing.

(f) **UNSECURED NON-PRIORITY CLAIMS**

The Debtor(s) estimates the percentage of distribution to general unsecured creditors to be no less than **100%** of their claims as finally determined by the Court; and no unsecured claims shall be allowed unless the creditor shall file a proof of claim within 90 days of the first date set for the First

Meeting of Creditors.

**(g) CLAIMS TO BE PAID DIRECTLY BY THE DEBTORS**
   Creditors shall retain their liens.

| Name of Creditor | Amount of Payment Outside Plan |
|---|---|
| **NONE** | |

The above referenced secured creditors will be paid by the Debtor(s) directly. Said secured claims are either being paid pursuant to their original contract or pursuant to new agreements reached between the parties. To the extent that any such new agreements exist, the parties are hereby ordered to execute any and all documents necessary to reflect the new notes and obligations which exist between the parties. In the event of a default under the Plan, the secured creditors may reinstate the terms of the original obligations, subject to the further order of this Court. All parties will promptly execute any and all documents necessary to reflect the new arrangement, including any new liens required to be filed. To the extent that the new arrangement reflects an extension of the obligations secured by valid liens filed prior to the filing of the petition, said liens will continue in existence as of the date of the filing of the lien, and not as of the date of the new arrangement between the parties, unless this Court orders otherwise or the parties so stipulate otherwise.

**(h) PROPERTY SURRENDERED**

| Name of Creditor | Collateral | Value | Secured claim |
|---|---|---|---|
| **NONE** | | | |

**(i) LIENS TO BE AVOIDED: debtor to bring motion to avoid & treat as unsecured.**

| Name of Creditor | Collateral | Claim |
|---|---|---|
| **NONE** | | |

11. The Debtor has rejected as burdensome the following executory contract(s) of the debtor:

   **NONE**

   Any claim timely and properly filed by a creditor arising from rejection of such executory contracts shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the rights of the Debtor(s) or Trustee to object to the amount of the claim.

12. Pursuant to 11 U.S.C. §1202(b)(2) the Trustee is ORDERED not to perform the duties specified in 11 U.S.C. §1106 (a)(3) and (a)(4) until further ordered from this Court.

13. All property of the estate, including any income, earnings or other property which may become a part of the estate during administration of the case, which property is not proposed or reasonably contemplated to be distributable to claimants under the Plan, shall revest in the Debtor(s), provided, however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtor(s) except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the Plan. Such property as may revest in the Debtor(s) shall so revest upon the approval of the Court and the Chapter 12 Trustee.

> HAVING HAD NO OPPOSITION, THE STANDING TRUSTEE APPROVES
> THE PLAN AS SATISFYING REQUIREMENTS OF 11 U.S.C. §1225(a).
>
> **Date: 3/1/11**               **Initials:** *s/MWS*

###